**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR ENRIQUE PENA-RODRIGUEZ, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-73171 Agency No. A098-980-511 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[**]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

Edgar Enrique Pena-Rodriguez, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We grant the petition for review, and we remand.

In denying Pena-Rodriguez's asylum and withholding of removal claims, the agency found Pena-Rodriguez failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Further, the BIA's basis for rejecting Pena-Rodriguez's family-based social group claim is unclear. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) (remand is appropriate where basis for agency's decision is unclear). Thus, we remand Pena-Rodriguez's asylum and withholding of removal claims to determine the impact, if any, of the foregoing decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Pena-Rodriguez's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

11-73171

Finally, with respect to CAT relief, the BIA rejected Pena-Rodriguez's claim without analysis. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (explaining the BIA reached CAT conclusion "[w]ithout analysis" and "failed to state with sufficient particularity and clarity the reasons for this decision") (internal quotation marks and citation omitted). Thus, we remand for the BIA to analyze Pena-Rodriguez's CAT claim in light of the facts of his case. *See Ventura*, 537 U.S. at 16-18; *Madrigal*, 716 F.3d at 509-10.

**PETITION FOR REVIEW GRANTED; REMANDED.**